### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**JAMES THOMAS CARTER, JR.,**

**Plaintiff,**

v.                                                    **Case No.  8:23-cv-00750-AAS**


**FRANK BISIGNANO,**
**Commissioner of Social Security,**

**Defendant.**

_____/

## ORDER

Plaintiff James Thomas Carter, Jr.'s counsel moves for an award of attorney's fees under 42 U.S.C. § 406(b) of $11,330.28. (Doc. 23). The Commissioner neither supports nor opposes counsel's request. (Doc. 25).

### I.    BACKGROUND

Mr. Carter brought an action before this court, which issued an order remanding Mr. Carter's disability claim for further proceedings before the Administrative Law Judge under sentence four of 42 U.S.C. § 405(g). (Doc. 19). Mr. Carter's counsel filed an application for attorney's fees under the Equal Access to Justice Act (EAJA) and was awarded $1,446.90. (Docs. 21, 22).

After the remand, a decision was rendered awarding Mr. Carter past-due benefits. As a result of a favorable finding of disability, Mr. Carter was

1

awarded $196,572.003, of which $49,143.00 was withheld as attorney's fees. (Doc. 23, Ex. A).

## II.    ANALYSIS

Under Section 406(b), when a court enters judgment favorable to a Social Security claimant represented by counsel, the court may award attorney's fees not to exceed 25% of the claimant's total past-due benefits. 42 U.S.C. § 406(b)(1)(A). It is for the court to decide whether the request for attorney's fees under 42 U.S.C. § 406(b) is reasonable under the law. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 798, n.6 (2002). The Supreme Court held that the district court's reasonableness inquiry may include consideration of factors such as the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits were large in comparison to the time expended by counsel. *Id.* at 807–08.

Mr. Carter contracted with his counsel to pay 25% of past-due benefits (Doc. 23, Ex. B). Mr. Carter received $196,572.00 in past-due benefits. (Doc. 23, Ex. A). Mr. Carter's counsel moves for an award of $11,330.28 — 5.76% percent of past-due benefits. This request is not only within the statutory maximum of 25% of past-due benefits but is much less than what Mr. Carter contracted to pay.

Mr. Carter's counsel devoted considerable time and attention to this action. (*See* Doc. 23, Ex. C). This time includes Mr. Carter's counsel's selection

2

of this case as ripe for appeal, review of the necessary documents to initiate the action, and negotiation with opposing counsel for remand ultimately contributed to the final award of benefits. In addition, Mr. Carter's counsel did not contribute to any delay in this action. The benefits obtained — $196,572.00— and the 42 U.S.C. § 406(b) fee requested — $11,330.28— are not "large in comparison to the amount of time counsel spent on the case" and thus no "downward adjustment" is appropriate. *Gisbrecht*, 535 U.S. at 791. Finally, the requested fee of $11,330.28 accounts for the EAJA offset. (*See* Doc. 23, pp. 11–12).

## III.   CONCLUSION

Accordingly, it is **ORDERED** that the Motion for Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. 23) is **GRANTED**. Mr. Carter's counsel is awarded **$11,330.28** in attorney's fees.

**ENTERED** in Tampa, Florida, on July 9, 2026.

_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge

3